FILED
SEP 0 5 2012
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR259-1 |
| v. | : | |
| TOMMY BOYD EVANS | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, TOMMY BOYD EVANS, in his own person and through his attorney, William C. Ingram, and state as follows:

1. The defendant, TOMMY BOYD EVANS, is presently under Indictment in case number 1:12CR259-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B), possessing child pornography; and which in Count Two charges him with a violation of Title 18, United States Code, Section 2252A(a)(2)(A), distributing child pornography.

2. The defendant, TOMMY BOYD EVANS, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, TOMMY BOYD EVANS, understands that the maximum term of imprisonment provided by law for Count One of the

Indictment is not more than ten years, and the maximum fine for Count One of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, TOMMY BOYD EVANS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

    c. The defendant, TOMMY BOYD EVANS, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offense charged in the Indictment herein.

    d. The defendant, TOMMY BOYD EVANS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range

2

prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, TOMMY BOYD EVANS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TOMMY BOYD EVANS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

    f. The defendant, TOMMY BOYD EVANS, understands that, by entering a plea of guilty to Count One of the Indictment, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 16901-16962 (Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register

3

as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, TOMMY BOYD EVANS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TOMMY BOYD EVANS, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, TOMMY BOYD EVANS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United

4

States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, TOMMY BOYD EVANS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, TOMMY BOYD EVANS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which

5

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 29th day of August, 2012.

_____  
RIPLEY RAND  
United States Attorney

_____  
ANAND P. RAMASWAMY  
NCSB #24991  
Assistant United States Attorney

    P. O. Box 1858  
    Greensboro, NC 27402

    336/333-5351

_____

_____  
WILLIAM C. INGRAM  
Attorney for Defendant

_____  
TOMMY BOYD EVANS  
Defendant